*WESTERN DIST.*
*September, 1834.*

BARCLAY
*vs.*
CONRAD ET ALS.

---

## BARCLAY *vs.* CONRAD ET ALS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the defendants purchased a sugar mill of the plaintiff, who is a merchant, part of which broke in pieces, on being put up, the latter is not responsible for the defects, unless he know it was of bad quality, and represented it as good.

The defendant cannot set up redhibitory defects to the thing sold, and purchased by him, when sued for the price, after having sold it to another. By selling it, he affirms the first contract.

Where a merchant sells a sugar mill, which proves defective, after being received and put up by the purchaser, he is still entitled to recover the price, unless there was some concealed defect, or he had represented it as sound, when not so.

A workman engages to furnish good work; but a merchant is not so bound.

This is an action instituted by the plaintiff, residing in Louisville, Kentucky, to recover of the defendants, one thousand dollars, the price of a sugar mill, delivered at their sugar plantation, in Attakapas.

He charges, that the price of said mill was one thousand dollars, and that he proposed to one of the defendants, if they were dissatisfied with it, he would take it back, which was refused; that they have since sold said mill, for the sum of twelve hundred dollars. He prays judgment for one thousand dollars, the price at which he sold it.

The defendants admit, that in consequence of a previous contract, the plaintiff delivered a sugar mill at Franklin, in Attakapas, in the fall of 1829, which they had conveyed to their plantation, and put up, and managed by a skilful mechanic, for the purpose of grinding their crop of cane; that notwithstanding all their care and skill, when they began to grind, the mill broke in pieces, in consequence of the defective materials, and manner in which it was made; that they had to throw it away as worthless, and put up a wooden mill. In consequence of the lateness of the season, occasioned by the defective quality of the mill, purchased of the plaintiff, they estimate a loss in their crop of sugar, of four thousand dollars, which added to the mechanic's bill of four hundred dollars, and freight of forty more, makes a sum total of their losses, amounting to four thousand four hundred and forty dollars, for which, after rejecting his demand, they pray judgment against the plaintiff, in reconvention.

The defendants, amending their answer, add the allegation of fraud, and charge the plaintiff with acting illegally and fraudulently, in knowingly selling them the defective sugar mill, in consequence of which, they sustained the damages claimed in the reconventional demand.

The defendants took the depositions of several witnesses, who testified to the breaking of the mill, after it was put up. Among these witnesses was the mechanic, who put up the mill. He states, it was the first horizontal mill he had ever put up, but thinks he understood his business well enough, to put the mill up in the right manner. The bevel wheel broke soon after they began to grind, and the defendants had to procure a wooden mill, to make up their crop. One witness estimates the loss of the defendants, to be half their crop, in consequence of the breaking of the mill. He also states, that they sold the broken mill for one thousand two hundred dollars.

The plaintiff's testimony showed, there was great difficulty in putting up horizontal mills, by the best of workmen ; that they all break more or less. The same evidence showed that the defendants sold this mill for one thousand two hundred dollars, after getting a new wheel. It was also shown, the plaintiff's regular business was that of a merchant, and vending machinery of this kind.

The jury returned a verdict for the plaintiff, for the sum claimed. After an unsuccessful attempt to obtain a new trial, the defendants appealed.

The district judge charged the jury on the trial, "that it was admitted, the defendants bought the mill, and must pay for it. If the mill broke from its being badly mounted, it was no fault of the plaintiff, and he is not responsible. If the mill be of bad quality, did plaintiff know it, and represent it as good ? If he did, he is answerable for all damages sustained by the failure of the mill ; if not, he is not responsible. That as to redhibition, the thing must be restored ; if the purchaser has sold it he thereby affirms the contract and must pay for it. The law cited from *Pothier*, that a workman engages to furnish good work, does not apply ; the plaintiff is a merchant, and is not so bound. Nor is there here any violation of contract, by plaintiff; he did not warrant the mill as sound, and unless it had some concealed defect, and he represented it as sound, he is not liable." To which charge the defendants' counsel excepted, as being

WESTERN DIST.
September, 1834.

BARCLAY
vs.
CONRAD ET ALS.

contrary to law. He also required the judge to charge the jury, "that under the article 1928 of the La. Code, the plaintiff being bound, to warrant the soundness of the mill by him sold, he is liable for such damages as were contemplated at the time of the contract," &c., which the judge refused, and a bill of exceptions taken.

This case was submitted to the court without argument, by *Mr. Brownson* for the plaintiff, and by *Mr. Simon* for the defendants.

*Martin J.*, delivered the opinion of the court.

The plaintiff claims the price of a sugar mill, sold and delivered to the defendants.

They admit the delivery, but charge the plaintiff with fraud, averring that he knew the mill was inartificially constructed, and made of so bad materials that it was absolutely worthless; and being put up by the defendants, immediately after they received it, several parts of it broke off, as soon as it was put in motion; that they were unable to make use of it, after they were at considerable expense and charges, in putting it up, and endeavoring to avail themselves of it. They further aver, that they sustained heavy losses, in consequence of the disappointment, and their inability to use it, and the consequent impossibility of grinding their cane crop.

There was a verdict and judgment for the plaintiff; and the defendants appealed, after an unsuccessful effort to obtain a new trial.

Our attention is drawn to the charge of the court, who told the jury, "it was admitted that the defendants bought the mill, and consequently they must pay for it; that if the mill broke, in consequence of being badly mounted, it was no fault of the plaintiff, and he was not answerable. If the mill was of a bad quality, did the plaintiff know it, and represent it as good? If he did, he is answerable for all the damages sustained by the failure of the mill. If he did not, he is not responsible. As to redhibition, the thing must be restored. If the purchaser has sold it, he has affirmed the contract.

Where the defendants purchased a sugar mill of the plaintiff, who is a merchant, part of which broke in pieces on being put up, the latter is not responsible for the defects, unless he knew it was of bad quality and represented it as good.

The defendant cannot set up rehibitory defects, to the thing sold and purchased by him, when sued for the price, after having sold it to another. By selling it, he affirms the first contract.

A workman engages to furnish good work, but a merchant is not so bound.

By the law cited from *Pothier*, a workman engages to furnish good work; the plaintiff is a merchant, and is not so bound. Nor is there here any violation of contract, unless there had been some concealed defect, and the plaintiff had misrepresented it as sound."

It does not appear to us, that the charge of the court was erroneous. On the merits, the evidence shows, that the mill was sold by the defendants, for one thousand two hundred dollars, while they had bought it for one thousand dollars.

The jury have been of opinion, that the defendants have not supported their defence. On an appeal to the judge, by a motion for a new trial, he has been of opinion, that they have not erred.

Our best attention to the statement of facts, has led us to the conclusion, that it is not our duty to interfere.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST.
*September,* 1834.

Where a merchant sells a sugar mill which proves defective after being received and put up by the purchaser, he is still entitled to recover the price, unless there was some concealed defect, or he had represented it as sound when not so.
A workman engages to furnish good work; but a merchant is not so bound.